UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ALFRED JOHN SUFKA, | Civil File No. 08-1379 (MJD/SRN) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| THE STATE OF MINNESOTA, REBBECCA LYNN SUFKA, BENTON COUNTY SHERIFF OFFICE, KAREN BENTON COUNTY SOCIAL WORKER, JUDGE ALLICE, JUDGE DANFORTH, and DEFENCE FOR BENTON AND SHERBURNE COUNTY, | |
| Defendants. | |

Plaintiff, a Minnesota state prison inmate, commenced this action by filing a self-styled complaint for alleged violations of his federal constitutional rights. (Docket No. 1.) The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1]  For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b)(1).

---

[1] Plaintiff did not tender the statutory filing fee of $350.00 with his complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff's IFP application indicates that he might be unable to satisfy the initial partial filing fee requirements of 28 U.S.C. § 1915(b)(1). Based on the information in the IFP application, the Court finds, for present purposes, that Petitioner has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

**I. BACKGROUND**

As far as the Court can tell, Plaintiff is claiming that in 1996 he was wrongly convicted of molesting his daughter. He apparently believes that his conviction was the result of a broad conspiracy involving his daughter, his son, (who apparently testified against Plaintiff), a county social worker, various members of two county sheriffs' departments, a state prosecutor, two state court judges, and his own defense lawyers. Plaintiff is now attempting to sue some of the individuals who purportedly caused him to be wrongly convicted and incarcerated. He claims that the named Defendants violated his constitutional right to equal protection.

Plaintiff's complaint does not describe what (if any) relief he is seeking in this action. Plaintiff states only that he hopes "[t]o find out the whys and who is behind this scam," (presumably meaning his allegedly wrongful prosecution and conviction), and that he wants to prove his innocence. (Complaint, p. 3.)

**II. DISCUSSION**

Because Plaintiff is a prisoner, (see 28 U.S.C. § 1915A(c)), who is attempting to sue various government employees, his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental agencies or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state an actionable claim, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

In this case, Plaintiff's claims are barred under the principles discussed by the Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994).  There, the Court held that a state prisoner cannot challenge the validity of his conviction in a federal civil rights action.  Habeas corpus is the exclusive federal remedy for a prisoner who is attempting to challenge a state criminal conviction.  Heck, 512 U.S. at 481, citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); see also, Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

Heck further holds that even when a prisoner-plaintiff is not directly challenging the fact or duration of his incarceration, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement."  Heck, 512 U.S. at 483.

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable...."

Id. at 486-87 (footnote omitted).  Thus, whenever a state prisoner files a federal civil rights action, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  Id. at 487.

Here, it is readily apparent that Plaintiff is challenging the validity of his state criminal

3

conviction.  His complaint indicates that he is seeking judicial review of the facts and circumstances that resulted in his conviction, and that he hopes this action will afford him an opportunity to prove that he is innocent.  It clearly appears that any judgment in Plaintiff's favor in this case would necessarily cast doubt on the validity of his conviction.

According to Heck, however, Plaintiff cannot challenge the validity of his conviction in a civil rights action such as this one, because habeas corpus is the sole federal remedy by which a state prisoner can challenge a criminal conviction.  Even when a prisoner demands only money damages for wrongful imprisonment, he still cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement."  Heck, 512 U.S. at 483.  "Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release."  Sheldon, 83 F.3d at 233.

Again, it is obvious that a judgment in Plaintiff's favor in this action would necessarily impugn the validity of his state criminal conviction.  However, Heck says that a prisoner cannot maintain a civil rights action that directly or indirectly challenges the validity of his confinement, (regardless of the type of relief being sought), until after he has successfully challenged his confinement in an appropriate forum, i.e., in a state or federal habeas corpus action.  Because Plaintiff has not satisfied this precondition, his current civil rights action is barred by Heck.[2]

---

[2] Because this case is clearly barred by Heck, the Court will not discuss several other flaws found in Plaintiff's complaint.  It should be noted, however, that if Heck were not applicable here, Plaintiff's claims would undoubtedly be time-barred, because they are based on events that occurred approximately twelve years ago.  Furthermore, the judges who are named as Defendants in this case are undoubtedly immune from suit pursuant to the doctrine of judicial immunity, (see Pierson v. Ray, 386 U.S. 547, 553-54 (1967) (judges

**III. CONCLUSION**

For the reasons discussed above, the Court concludes that Plaintiff has failed to plead a cause of action on which relief can be granted, and that this action must therefore be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It follows that Plaintiff's application for leave to proceed in forma pauperis, (see n. 1, supra), must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350.00 filing fee.[3] He has not paid any part of the fee to date, so he still owes the full $350.00 at this time. State prison officials will have to deduct that amount from Plaintiff's trust account and pay it to the Clerk of Court in the

---

are completely immune from civil lawsuits based on claims of misconduct during the performance of their judicial functions)); and any prosecutor(s) that Plaintiff may be attempting to sue would undoubtedly be immune pursuant to the doctrine of prosecutorial immunity, (see Imbler v. Pachtman, 424 U.S. 409, 427-428 (1976) (state prosecutors are immune from civil rights claims that are based on actions taken in the performance of their prosecutorial duties)). Finally, the Court notes that Plaintiff simply has not presented sufficient factual allegations to support an actionable civil rights claim. He has not adequately described how any of the named Defendants allegedly violated his constitutional right to equal protection. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (while federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee upon the filing of an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

manner prescribed by 28 U.S.C. § 1915(b)(2). Lastly, the Court finds that the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350.00, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: May 22, 2008

                                         s/ Susan Richard Nelson
                                         SUSAN RICHARD NELSON
                                         United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 6, 2008** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.